## Page *v*. Palmer and Wife.

Whatever will pass by words in a grant will be excepted by like words in an exception.

A reservation as well as a grant may be made upon condition.

When a grant or reservation is made upon conditions subsequent, the conditions are not favored in law, and are to be strictly construed.

In order to bind the heirs or assigns to the performance of such conditions subsequent, they must be expressly mentioned in the condition.

Assumpsit, under the statute to recover double the cost of building a fence, and for money paid, and labor and materials.

April 26, 1856, Mary Flanders, now deceased, the mother of the defendant, Mrs. Palmer, owned land in South Hampton, consisting of a tract formerly owned by one Timothy P. Morrill, and a field adjoining, on the west side of said tract. There was a carriage path on the east side of the field; the east side of the path being the west side of the Morrill tract. On said 26th day of April, 1856, said Mary conveyed the field to the plaintiff, "reserving a drift-way from the road through the premises for the heirs of Thomas Flanders and Mary Flanders their heirs and assigns forever—the path that is now trod to be the same—by the said Mary Flanders keeping in repair the fence by the land that formerly belonged to the said Timothy P. Morrill."

The defendant Mrs. Palmer is an heir of Mary Flanders, and has continued to use the way reserved in said deed, and as such heir owns and

occupies the Morrill land, and the plaintiff claims that she is bound to maintain a fence the whole length of the line between his field and her Morrill land. Before 1838 there had been a fence on all that line, but in that year the northern part half of it was removed by the father of said Mary, and at the date of the plaintiff's deed, there was a fence on the south half of that line only.

The defendants claim that "the fence" in plaintiff's deed is the fence existing at the date of the deed, and that by the deed no one was bound to keep the fence in repair after the decease of said Mary, and that no other person than said Mary was bound to keep it in repair.

The plaintiff introduced in evidence copies of proceedings before fence-viewers.

In the petition of the plaintiff to the fence-viewers dated May 31, 1865, it is stated that said Rebecca, as heir of said Mary, by the terms of said deed, is bound to build and keep in repair the fence along said line.

The defendants objected that the obligation to maintain fence should have been set forth as, or shown to be, imposed by statute; that the obligation being by deed, the fence-viewers had no jurisdiction, and that therefore this action cannot be maintained.

The decision of the fence-viewers was that "we do order that the said James Palmer and Rebecca C. Palmer do build and repair the fence along the whole of said line." The defendants objected that it did not appear that the fence-viewers adjudged the fence to be insufficient.

The plaintiff is entitled to recover in this suit unless the defendants' objections constitute a defence, and judgment is to be rendered according to the opinion of the court upon this case reserved.

*Hatch* for plaintiff.

*Stickney* for defendants.

SARGENT, J. Were the defendants liable in law to build the fence between their land and the plaintiff's land? They were not liable under any division of the fence made in pursuance of the statute, and unless bound by the terms of the deed given by Mary Flanders to the plaintiff, they are not liable at all so far as appears in this case. What were the defendants' rights and duties under this deed?

On the 26th of April, 1856, said Mary Flanders conveyed the field to the plaintiff, "reserving a drift-way from the road through said premises to the heirs of Thomas Flanders and Mary Flanders and their heirs and assigns forever. * * * by said Mary Flanders keeping in repair the fence," &c. It is immaterial here how much fence the said Mary was thus to keep in repair, but the main question is whether the heirs of said Mary Flanders are bound by the terms of her deed to plaintiff, to keep any fence in repair?

Mary Flanders owned the whole land—this field, the Morrill tract, the drift-way and all. She sells and conveys the land, reserving the drift-way upon certain terms to herself, her heirs and assigns, and also to the heirs

of Thomas Flanders and their heirs and assigns.    The title stood, then, by force of the reservation just the same as it would have done had Mary Flanders conveyed the whole title in the land to plaintiff, and then the plaintiff had conveyed to Mary Flanders and the heirs of Thomas and their heirs, by a sufficient deed, this same drift-way upon the same terms and conditions as those mentioned in connection with the reservation in the deed ; for "what will pass by words in a grant will be excepted by like words in an exception." Shep. Touchst. 100 ; *Bowen* v. *Conner*, 6 Cush. 132 ; Wash. on Easements, 20 and 21 and cases cited ; *Bean* v. *Coleman*, 44 N. H. 539.

These defendants, then, hold the drift-way just as though by grant from the plaintiff to their ancestor Mary Flanders, her heirs and assigns, the defendants being the heirs of said Mary.    Now this right of way was reserved to the heirs of Thomas Flanders without their being required to do anything about the fence ; so of the heirs of Mary Flanders ; nothing is said about their doing anything, though the right of way is reserved expressly to Mary Flanders and her heirs and assigns forever.    The condition or duty to be performed is limited to Mary Flanders, in terms, in the reservation ; and the reservation upon condition stands the same as a grant from this plaintiff to Mary Flanders and the others upon the same condition.

It is well settled that in case of such a grant on terms or conditions as in this case, where the conditions are subsequent to the grant, the conditions are not favored in law, and are to be strictly construed ; and that in order to bind the heirs or assigns to the performance of such conditions they must be expressly mentioned in the condition.    *Emerson* v. *Simpson*, 43 N. H. 475, is precisely in point and decisive of the question here.    In that case land was conveyed to the grantee, his heirs and assigns, forever, upon condition that the grantee should forever maintain at his own expense the fence on the line of the land.    It was there held that the condition, though in terms to be performed *forever*, which is stronger than this case, bound the grantee alone and not his heirs or assigns, because they were not specially named in the condition.

Upon these principles it is held that where a condition applies in terms to the grantee or lessee, without mention of heirs, executors or assigns, the condition cannot be broken after the death of the grantee or lessee.    The reservation was here made to Mary and her heirs and assigns and to the heirs of Thomas, &c., upon a condition to be performed by her alone, and all the cases sustain the doctrine that at her death the condition ceased and the grant or reservation became absolute if the estate was not determined by breach of the condition in the lifetime of said Mary.    But it is immaterial in this case whether that were so or not, because if the estate was terminated in the life-time of said Mary, the condition was also at the same time terminated, and there is now no duty for the heir or anybody else to perform.    If the estate was not thus determined in the life-time of Mary, then at her death it became absolute and unconditional and there is no duty for the heir to perform.

Thus in any event these defendants, as heirs of Mary Flanders, have no duty to do in relation to this fence, and are under no obligation to do anything by virtue of any condition or provision in the reservation contained in the deed; and it is not claimed here that they are liable upon any other ground. *Merryfield* v. *Cobleigh*, 4 Cush. 178; *Ludlow* v. *Railroad Company*, 12 Barb. S. C. R. 440; *Fellows* v. *Brown*, 42 N. H. 364.

*Judgment for defendants.*